PHH Mortgage Services
1 Mortgage Way
Mt. Laurel, NJ  08054

Tel: 877.744.2506
Fax: 856.917.8300

**MORTGAGE**

6/4/2019

Loan Number: ████4938

1-814-AZH79-0013126-008-01-001-000-000-000



JERRY LOSEE
JOCAROL LOSEE
9253 S FRANDSEN RD
LAVA HOT SPRINGS ID 83246-1511

**Property Address:**
9253 S Frandsen Rd
Lava Hot Springs, ID 83246-1511

Dear Customer(s),

This is an important notice containing information <u>critical</u> to this mortgage account.



**Why We Are Sending This Letter**

**Ocwen Loan Servicing** has joined forces with PHH Mortgage Services, a mortgage company with well-established mortgage origination and servicing capabilities. As a result, we will be consolidating all mortgage accounts into one company, **PHH Mortgage Services ("PHH")**.

Effective **6/1/2019**, PHH became the new servicer for this account and will be collecting the mortgage payments going forward.

Please rest assured that Ocwen will be here through this transition. Together, Ocwen and PHH stand ready to assist in any way we can. For any questions regarding the transition, please call **877.744.2506.**



**What Needs To Be Done**

Please send all payments due **on or after 6/1/2019 to PHH** at this address:

**PHH Mortgage Services**
P.O. Box 371458
Pittsburgh, PA 15250-7458

If currently using an Online Bill Payment provider, please contact them to update the payee, remittance address and new account number (if applicable). Failure to make these updates could delay the crediting of payments. An ACH sign up form has also been added for convenience.

**What We Will Do**

Due to this transfer, the PHH account number will have zeros added to the Ocwen account number. The existing Ocwen account number is 707054938, and the PHH account number will be (0) + 707054938.

During the 60-day period following the transfer date of **6/1/2019**, any payment received by Ocwen on or before its due date will not be treated as late by PHH and no late fee will be charged.

After **6/11/2019**, your Relationship Manager, **Liliana Leguizamon** can be contacted by calling the PHH Customer Care Center at **877.744.2506** and requesting to speak with him/her.

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

**MORTGAGE**

1 Mortgage Way
Mt. Laurel, NJ 08054

Tel: 877.744.2506
Fax: 856.917.8300

MortgageQuestions.com is PHH's servicing website, which you will be able to access once the transfer process is complete, by 6/7/2019.

If you are currently a registered user on ocwencustomers.com, your current username can be entered on MortgageQuestions.com. You will need to use a temporary password which will be the last six digits of your Social Security Number. On initial login, you will be prompted to create a new password, answer a recovery question and set up security questions. By completing these actions, you agree to the terms and conditions for use of the website (https://www.mortgagequestions.com/info/15882/landscape?jpid=GlobalTermsOfUse) and will be registered on MortgageQuestions.com.

- Remember, you can use your current username
- Your temporary password will be the last 6 digits of your Social Security Number

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



PHH Mortgage Services
1 Mortgage Way
Mt. Laurel, NJ  08054

MORTGAGE

Tel: 877.744.2506
Fax: 856.917.8300

# NOTICE OF SERVICING TRANSFER
## EFFECTIVE 6/1/2019

The servicing of this mortgage has been transferred, effective **6/1/2019**. This means that on or after this date, PHH will be collecting the mortgage payments. The transfer of servicing does not affect any term or condition of the mortgage other than terms directly related to the servicing of the account.

**Ocwen Loan Servicing, LLC ("Ocwen")** was collecting the payments. Ocwen stopped accepting payments received after **5/31/2019**. **PHH Mortgage Services ("PHH")** will collect the payments going forward. PHH started accepting payments received on **6/1/2019**.

Please send all payments due **on or after 6/1/2019 to PHH** at this address:

**PHH Mortgage Services**
P.O. Box 371458
Pittsburgh, PA 15250-7458

For any questions about the mortgage account or this transfer, please contact Ocwen or PHH using this information:

|  | Until 5/31/2019: | On or After 6/1/2019: |
|---|---|---|
| **Servicer** | Current Servicer<br>Ocwen Loan Servicing, LLC | New Servicer<br>PHH Mortgage Services |
| **Department** | Customer Service | Customer Service |
| **Toll-Free Number** | 800.746.2936 | 877.744.2506 |
| **Website** | ocwencustomers.com | MortgageQuestions.com |
| **Address** | P.O. Box 24736<br>West Palm Beach, FL 33416 | 1 Mortgage Way<br>Mt. Laurel, NJ 08054 |
| **Account Number** | 707054938 | 0707054938 |

Under Federal law, during the 60-day period following the effective date of the transfer of mortgage servicing, a payment received by Ocwen on or before its due date may not be treated by PHH as late, and a late fee may not be assessed to the account.

Sincerely,
PHH Mortgage Services

WLCMPHH

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

1-814-AZH79-001312S-006-02-001-000-000-000

PHH Mortgage Services
1 Mortgage Way
Mt. Laurel, NJ 08054

**MORTGAGE**

Tel: 877.744.2506
Fax: 856.917.8300

## ADDENDUM TO NOTICE OF SERVICING TRANSFER

Account Number: 0707054938

The new servicer is:
PHH Mortgage Services
P.O. Box 5452
Mt. Laurel NJ, 08054
**877.744.2506**

As of the **6/1/2019**, the principal balance of this account is: **$91,444.30**

As of the **6/1/2019**, the escrow balance on this account is: **-$14,683.18**. Any questions about the escrow account may be directed to our Customer Service Department at 877.744.2506. It is PHH Mortgage Service's policy to maintain escrow accounts in accordance with applicable legal requirements.

As of the **6/1/2019**, transfer date, the current interest rate in connection with this account is **8.75000%**. If this account has a variable rate, please note that the interest rate provided in this notice is the current interest rate as of the transfer date and does not include future adjustments.

As of the **6/1/2019**, transfer date, the current required monthly payment in connection with this account is **$899.05**. This amount consists of a monthly principal and interest payment of **$763.81** and a monthly escrow payment of **$135.24**. The monthly payment amount required may change in the future if there are changes to the interest rate or escrowed items (such as taxes, homeowner's insurance, or mortgage insurance), if there are late charges or other fees, or if the loan were entered into a mortgage assistance option.

The next monthly payment is due on **8/1/2009**. Subsequent monthly payments will be due on the same date each month thereafter.

## IMPORTANT MESSAGING

PHH Mortgage Service's primary regulator is the Consumer Financial Protection Bureau ("CFPB"). The CFPB's mailing address is PO Box 4503, Iowa City, IA 52244.

WLCMPHH
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is provided purely for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

Jerry Losee & JoCarol Losee, Pro se
9253 Frandsen Road
Lava Hot Springs, Idaho 83246
Ph: (208) 251-6968
Email: jj68mobile@gmail.com

FILED
BANNOCK COUNTY
CLERK OF THE COURT
'19 APR 24  PM 3: 39

BY_____
DEPUTY CLERK

## SIXTH DISTRICT COURT OF IDAHO

## IN AND FOR THE COUNTY OF BANNOCK

JERRY LOSEE AND JOCAROL LOSEE, Pro se,

    Plaintiffs,

VS.

NEW CENTURY MORTGAGE
CORPORATION, DEUTSCHE
BANK NATIONAL TRUST
COMPANY, et all,

    Defendants.

Case No.: CV-0319-01564

PLAINTIFFS' VERIFIED COMPLAINT
AND JURY DEMAND, FOR ADVERSE
CLAIM AGAINST THE PROMISSORY
NOTE

This verified complaint of the Plaintiffs, Jerry Losee and JoCarol Losee, respectfully shows and

alleges as follows:

1.    This is an action to secure Plaintiffs' interest to real property located in Bannock County,

Idaho, and by reason thereof the venue for this matter is in Bannock County, Idaho. The real property

herein mentioned is located at 9253 Frandsen Road, Lava Hot Springs, ID 83246, and more described

in Exhibit A attached hereto (hereinafter referred to as the "property").

2.    The Plaintiffs desire to exercise their rights under Title 28 Uniform Commercial Code

subsections 28-8-505 through 28-8-508 of the Idaho Statutes, to secure their security interest in the

Promissory Note and property.

-1-

## I. PARTIES

3.       The Plaintiffs herein, Jerry Losee and JoCarol Losee (hereinafter also referred to as the "entitlement holders"), are residents of the State of Idaho.  Jerry Losee and JoCarol Losee reside at 9253 Frandsen Road, Lava Hot Springs, ID 83246.

4.       The Defendant, New Century Mortgage Corporation (hereinafter also referred to as the "securities intermediary and/or Creditor"), having a principal place of business at 18400 Von Karman Suite 1000, Irvine, CA 92612 and/or 20 Pacifica-#620, Irvine, CA 92618.

5.       The Defendant, Deutsche Bank National Trust Company, as Trustee for the Pooling and Servicing Agreement (hereinafter also referred to as the "Trustee or creditors"), having a principal place of business at 300 South Grand Ave 41st Floor, Los Angeles, CA 90071.

## II. FACTS

6.       On February 6th, 2003, the Plaintiffs issued, executed and delivered a Promissory Note to New Century Mortgage Corporation in the amount of Ninety-Six Thousand and no/100 Dollars (U.S. $96,000), thus becoming the Entitlement Holders of said financial asset in accordance with Uniform Commercial Code 28-8-501 of the Idaho Statutes.

7.       The Defendant, New Century Mortgage Corporation, received the Promissory Note in accordance with Uniform Commercial Code 28-8-501 of the Idaho Statutes thus becoming the securities intermediary in accordance with Uniform Commercial Code 28-8-102(1)(n)(ii) of the Idaho Statutes.

8.       The promissory note (also herein referred to as the note) is a financial asset in accordance with Uniform Commercial Code 28-3, 28-8-102(1)(i) and 28-9-102(a)(65) of the Idaho Statutes. Pursuant thereto, New Century Mortgage Corporation acknowledged receiving the Plaintiffs' Promissory Note/financial asset in accordance with Uniform Commercial Code 28-3-102 and Uniform

Commercial Code 28-8-501(2) of the Idaho Statutes.

9.    The said promissory note is secured by a deed of trust on real property that was filed

under instrument number 20303818 on February 14th, 2003 in the official records of Bannock County

Idaho. The promissory note was originated in Bannock Idaho.

10.    Pursuant to Uniform Commercial Code 28-8-503 and 28-8-504 of the Idaho Statutes, the

Defendants are required to maintain the Promissory Note/financial asset in a quantity corresponding to

the aggregate of all security entitlements it has established in favor of its entitlement holders with

respect to that financial asset, and that all interests in that financial asset held by the securities

intermediary are held by the securities intermediary for the entitlement holders, are not property of the

securities intermediary, and are not subject to claims of creditors of the securities intermediary.

Furthermore, these rules state that the securities intermediary may maintain those financial assets

directly or through one or more other securities intermediaries.

11.    Pursuant to the Idaho Statutes 28-8-503, An entitlement holder's property interest with

respect to this financial asset may be enforced against a purchaser of the financial asset or interest

therein only if the securities intermediary violated its obligations under of the Idaho Statutes 28-8-504

by transferring the financial asset or interest therein to the purchaser and the purchaser is not protected

under subsection (5) of the Idaho Statutes 28-8-503.

12.    Pursuant to 28-8-511 of the Idaho Statutes, it states that if a securities intermediary does

not have sufficient interests in a particular financial asset to satisfy both its obligations to entitlement

holders who have security entitlements to that financial asset and its obligation to a creditor of the

securities intermediary who has a security interest in that financial asset, the claims of entitlement

holders, other than the creditor, have priority over the claim of the creditor.

13.    Pursuant to Uniform Commercial Code 28-8-511 of the Idaho Statutes, The claims of

-3-

said Defendants are subordinate, junior, and inferior to the interest of the Plaintiffs because the

Plaintiffs are the entitlement holders to the note, and pursuant to Uniform Commercial Code 28-8-511

of the Idaho Statutes, the interest of the entitlement holders is superior to any claims of creditors

having an interest to the same note through the security intermediary.

14.    A deed of trust has the same function as a mortgage and pursuant to the Idaho Statutes

28-9-102(a)(55), the mortgage's primary function is mainly to secures the note or obligation, and

being that the note, as the financial asset that was issued by the Plaintiffs in accordance with the Idaho

Statutes 28-8-501 to New Century Mortgage Corporation, and with the property as being the collateral

pledged in the deed of trust, the deed of trust secures the Plaintiffs' claim of interest while the

Defendants claim of interest to the property is subordinate, junior and inferior to that of the Plaintiffs'

interest to the property in accordance with Uniform Commercial Code 28-8-511 of the Idaho Statutes.

15.    The assignment of the interest to the deed of trust does not transfer interest to the note,

but an assignment of the interest to the note can be used to transfer the interest to the deed of trust

being that the deed of trust secures the note.

### III. CLAIMS FOR RELIEF

Breach of Fiduciary Responsibility

16.    28-8-503 of the Idaho Statutes requires that the party receiving the Note is to maintain

said financial asset in favor of the entitlement holder and that it is not property of the bank nor is it

subject to the claims of creditors.  If the Defendants, and/or any party claiming to be a creditor in

regard to this case, claims that the note or interest to the note was transferred to them through an

assignment of the deed of trust, then New Century Mortgage Corporation transferred the financial

asset pursuant to an ineffective entitlement order in violation of 28-8-504 of the Idaho Statutes, and if

so, pursuant to 28-8-507(b) of the Idaho Statutes, the Defendant New Century Mortgage Corporation

is required to reestablish a security entitlement in favor of the Plaintiffs, whom are entitled to it, and

pay or credit any payments or distributions that the Plaintiffs did not receive as a result of the wrongful

transfer.

17.     Furthermore, pursuant to 28-8-507(b) of the Idaho Statutes, if the securities intermediary

does not reestablish a security entitlement, the securities intermediary is liable to the entitlement

holders for damages.

18.     The Defendants claim of having been the receivers of the interest to the deed of trust and

note may be subjected to 28-8-503(d) of the Idaho Statutes.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

19.     For a judgment in the amount of $96,000.00 plus interest from February 6th, 2003

until termination of security agreement;

20.     For damages in favor of the Plaintiffs in accordance with 28-8-507(b) of the Idaho

Statutes;

21.     For the Defendants and all creditors to be blocked from claiming to have any priority

interest to the Note/financial asset than that of the Plaintiffs' in accordance with 28-8-511 of the Idaho

Statutes;

22.     For interest as provided by law from the date of judgment until paid; and

23.     For such other and further relief as this court deems just and equitable.

DATED  4-24-19  .

Respectfully submitted,

Jerry Losee, Pro se

JoCarol Losee, Pro se

-5-

Exhibit A: Legal Description

# EXHIBIT A

9253 Frandsen Road, Lava Hot Springs, ID 83246

COUNTY OF BANNOCK

LOT 9 IN BLOCK 1 OF MT. JUNIPER RANCHETTES, BANNOCK COUNTY
IDAHO, AS THE SAME APPEARS ON THE OFFICIAL PLAT THEREOF,
FILED IN THE OFFICE OF THE COUNTY RECORDER OF BANNOCK
COUNTY, IDAHO

Sheila R. Schwager, ISB No. 5059
Lars Lundberg, ISB No. 9993
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5205
Email: sschwager@hawleytroxell.com
        llundberg@hawleytroxell.com

Attorneys for Ocwen Loan Servicing, LLC,
servicing agent for Defendant, Deutsche Bank
National Trust Company, as Trustee for Morgan
Stanley ABS Capital I Inc. Trust 2003-NC5,
Mortgage Pass-Through Certificates, Series 2003-
NC5

IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

| | |
|---|---|
| JERRY LOSEE and JOCAROL LOSEE, Pro se,<br><br>        Plaintiffs,<br><br>vs.<br><br>NEW CENTURY MORTGAGE CORPORATION, DEUTSCHE BANK NATIONAL TRUST COMPANY, et all,<br><br>        Defendants. | Case No. CV-03-19-01566<br><br>ANSWER TO VERIFIED COMPLAINT |

Defendant, Ocwen Loan Servicing, LLC, servicing agent for Defendant, Deutsche Bank

National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2003-NC5,

Mortgage Pass-Through Certificates, Series 2003-NC5 ("**Defendant**"), by and through its

ANSWER TO VERIFIED COMPLAINT - 1

41970.0060.11931549.2

attorneys of record, Hawley Troxell Ennis & Hawley LLP, hereby responds to the Verified

Complaint ("**Complaint**") of Plaintiffs, Jerry and JoCarol Losee ("**Plaintiffs**"), by admitting,

denying, and alleging as follows:

Defendant denies each allegation contained in the Complaint unless expressly and

specifically admitted herein.

## I.
## ANSWER TO GENERAL ALLEGATIONS

1. With respect to Paragraph 1 of the Complaint, Defendant admits that venue is
appropriate in Bannock County and that the real property at issue in this matter is identified in
certain documents such as the Corrective Assignment of Deed of Trust, which speaks for itself.
To the extent that the balance of Paragraph 1 asserts factual allegations to which a response is
required, the same are denied.

2. Paragraph 2 of the Complaint is an introductory paragraph and requires no
response by Defendant. Alternatively, Paragraph 2 states a legal conclusion to which no
response is required. To the extent that Paragraph 2 asserts any factual allegations to which a
response is required, the same are denied.

3. With respect to Paragraph 3 of the Complaint, Defendant lacks knowledge or
information sufficient to form a belief about the allegations and therefore denies the same.

4. With respect to Paragraph 4 of the Complaint, Defendant lacks knowledge or
information sufficient to form a belief about the allegations and therefore denies the same.

5. With respect to Paragraph 5 of the Complaint, Defendant lacks knowledge of
information sufficient to form a belief about the allegations and therefore denies the same.

ANSWER TO VERIFIED COMPLAINT - 2

6.     With respect to Paragraph 6 of the Complaint, Defendant admits only that the referenced Promissory Note speaks for itself, and that Plaintiffs signed the Promissory Note. To the extent any allegations contained in Paragraph 6 are inconsistent with the referenced Promissory Note, the same are denied. Further, Paragraph 6 contains legal conclusions to which no response is required. To the extent that Paragraph 6 asserts any factual allegations to which any response is required, the same are denied.

7.     With respect to Paragraph 7 of the Complaint, it contains legal conclusions to which no response is required. To the extent that Paragraph 7 asserts any factual allegations to which any response is required, the same are denied.

8.     With respect to Paragraph 8 of the Complaint, it contains legal conclusions to which no response is required. To the extent that Paragraph 8 asserts any factual allegations to which any response is required, the same are denied.

9.     With respect to Paragraph 9 of the Complaint, Defendant admits only that the referenced Deed of Trust speaks for itself. To the extent that any allegations contained in Paragraph 9 are inconsistent with the referenced Deed of Trust, the same are denied. To the extent that the balance of Paragraph 9 asserts factual allegations to which a response is required, the same are denied.

10.     With respect to Paragraph 10 of the Complaint, it contains legal conclusions to which no response is required. To the extent that Paragraph 10 asserts any factual allegations to which any response is required, the same are denied.

ANSWER TO VERIFIED COMPLAINT - 3

11.    With respect to Paragraph 11 of the Complaint, it contains legal conclusions to which no response is required.  To the extent that Paragraph 11 asserts any factual allegations to which any response is required, the same are denied.

12.    With respect to Paragraph 12 of the Complaint, it contains legal conclusions to which no response is required.  To the extent that Paragraph 12 asserts any factual allegations to which any response is required, the same are denied.

13.    With respect to Paragraph 13 of the Complaint, it contains legal conclusions to which no response is required.  To the extent that Paragraph 13 asserts any factual allegations to which any response is required, the same are denied.

14.    With respect to Paragraph 14 of the Complaint, it contains legal conclusions to which no response is required.  To the extent that Paragraph 14 asserts any factual allegations to which any response is required, the same are denied.

15.    With respect to Paragraph 15 of the Complaint, it contains legal conclusions to which no response is required.  To the extent that Paragraph 15 asserts any factual allegations to which any response is required, the same are denied.

## II.
## ANSWER TO PLAINTIFFS' CLAIM FOR BREACH OF FIDUCIARY DUTY

16.    With respect to Paragraph 16 of the Complaint, it contains legal conclusions to which no response is required.  To the extent that Paragraph 16 asserts any factual allegations to which any response is required, the same are denied.

17.    With respect to Paragraph 17 of the Complaint, it contains legal conclusions to which no response is required.  To the extent that Paragraph 17 asserts any factual allegations to which any response is required, the same are denied.

ANSWER TO VERIFIED COMPLAINT - 4

18.    With respect to Paragraph 18 of the Complaint, it contains legal conclusions to which no response is required.  To the extent that Paragraph 18 asserts any factual allegations to which any response is required, the same are denied.

## III.
## ANSWER TO PRAYER FOR RELIEF

19.    In answering the Prayer for Relief (Paragraphs 19–23, inclusive), Defendant denies that Plaintiffs are entitled to any relief, including without limitation, the relief requested by Plaintiffs.

## FIRST DEFENSE
## FAILURE TO STATE A CLAIM

The Complaint, and each and every claim and allegation thereof, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE
## FAILURE TO MITIGATE

Plaintiffs are barred from maintaining this action against Defendant because Plaintiffs, by failing to act reasonably, have failed to mitigate the alleged damages Plaintiffs assert.

## THIRD DEFENSE
## LACHES

Plaintiffs are barred from maintaining this action based upon the doctrine of laches.

## FOURTH DEFENSE
## DOCTRINE OF WAIVER

Plaintiffs are barred from maintaining this action based on the doctrine of waiver.

## FIFTH DEFENSE
## DOCTRINE OF ESTOPPEL

Plaintiffs are barred from maintaining this action based on the doctrine of estoppel.

ANSWER TO VERIFIED COMPLAINT - 5

41970.0060.11931549.2

**SIXTH DEFENSE**
**RES JUDICATA**

Plaintiffs are barred from maintaining this action based upon the doctrine of res judicata.

**SEVENTH DEFENSE**
**STATUTE OF LIMITATIONS**

Plaintiffs are barred from maintaining this action based on the applicable statute of

limitations, including but not limited to Idaho Code § 5-224.

**EIGHTH DEFENSE**
**ABSENCE OF A DUTY**

Plaintiffs are barred from maintaining this action because Defendant does not owe

Plaintiffs a fiduciary duty.

**NINTH DEFENSE**
**UNCLEAN HANDS**

Plaintiffs have unclean hands and should be denied all equitable relief.

**TENTH DEFENSE**
**NONPERFORMANCE OF CONDITIONS PRECEDENT**

Plaintiffs are barred from maintaining this action because Plaintiffs have failed to comply

with all conditions precedent incumbent upon Plaintiffs to satisfy.

**ELEVENTH DEFENSE**
**PROXIMATE CAUSE**

Plaintiffs are barred from maintaining this action because Plaintiffs are the proximate

cause of any loss.  By making this affirmative defense, Defendant does not admit that Plaintiffs

in fact suffered any losses.

ANSWER TO VERIFIED COMPLAINT - 6

### TWELFTH DEFENSE
### NEGLIGENCE

Plaintiffs are barred from maintaining this action because Plaintiffs' injuries, if any, were proximately caused, in whole or in part, by the negligence or other conduct of Plaintiffs and/or other persons.

### THIRTEENTH DEFENSE
### COLLATERAL ESTOPPEL

Plaintiffs are barred from maintaining this action based upon the doctrine of collateral estoppel.

### RULE 11 STATEMENT

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, but yet unstated, affirmative defenses. Accordingly, Defendant reserves its right to amend the answer to assert additional defenses in the event facts are discovered which give rise thereto.

WHEREFORE, Defendant prays for judgment, decree and order of the Court as follows:

1.      That the Complaint be dismissed with prejudice and that Plaintiffs take nothing thereunder;

2.      That Defendant be granted its costs, expenses and attorney fees in the course of pursuing and defending this action; and

3.      That Defendant be granted such other equitable or legal relief as this Court may deem reasonable, just and proper.

ANSWER TO VERIFIED COMPLAINT - 7

41970.0060.11931549.2

Dated:  5/28/19                          HAWLEY TROXELL ENNIS & HAWLEY LLP


                                         By    /s/ Lars Lundberg_____
                                         Lars Lundberg, ISB No. 9993
                                         Attorneys for Ocwen Loan Servicing, LLC,
                                         servicing agent for Defendant, Deutsche Bank
                                         National Trust Company, as Trustee for Morgan
                                         Stanley ABS Capital I Inc. Trust 2003-NC5,
                                         Mortgage Pass-Through Certificates, Series
                                         2003-NC5


ANSWER TO VERIFIED COMPLAINT - 8

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I caused to be served a true copy of the foregoing ANSWER
TO VERIFIED COMPLAINT by the method indicated below, and addressed to each of the
following:

Jerry Losee & JoCarol Losee, Pro se
9253 Frandsen Road
Lava Hot Springs, Idaho 83246
Email: jj68mobile@gmail.com

☑ U.S. Mail, Postage Prepaid
☐ Hand Delivered
☐ Overnight Mail
☑ E-mail (courtesy copy)
☐ Facsimile
☐ iCourt

Dated:  5/28/19

/s/ Lars Lundberg
Lars Lundberg

ANSWER TO VERIFIED COMPLAINT - 9

41970.0060.11931549.2

Jerry Losee & JoCarol Losee, Pro se
9253 Frandsen Road
Lava Hot Springs, Idaho 83246
Ph: (208) 251-6968
Email: jj68mobile@gmail.com

# IN THE DISTRICT COURT OF THE SIXTH JUDICIAL DISTRICT

# OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BANNOCK

JERRY LOSEE AND JOCAROL LOSEE

      Plaintiffs,               CASE NO:  CV-03-19·01566

vs.

NEW CENTURY MORTGAGE
CORPORATION, DEUTSCHE BANK
NATIONAL TRUST COMPANY, et all

      Defendants.

_____/

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW Plaintiffs, JERRY LOSEE AND JOCAROL LOSEE, hereby files this

Motion for Partial Summary Judgment on whether the Defendant Deutsche Bank National Trust

Company is subjected to the Plaintiffs' claims.  The Defendant Deutsche Bank National Trust

Company received the complaint and summons and failed to respond in a timely manner.  The

matters of record affirmatively establish that there is no genuine issue of material fact, and that

Plaintiffs, JERRY LOSEE AND JOCAROL LOSEE, are entitled to a judgment as a matter of

law.

Furthermore, Ocwen loan Servicing, LLC. has not proven to have the authority to act as

-1-

Deutsche Bank National Trust Company's attorney with authority to practice law on behalf of Deutsche Bank National Trust Company. Ocwen Loan Servicing, LLC has not proven to have the authority to answer the initial complaint on behalf of Deutsche Bank National Trust Company. Ocwen Loan Servicing, LLC transferred their servicing rights to PHH Mortgage Services effectively on 6/1/2019. See exhibit A for Ocwen's "Notice of Servicing Transfer".

The substantial matters of law, fact and security interest to be argued are as follows:

## UNDISPUTED FACTS

1.      This matter arises from claims made by the Plaintiffs regarding having a superior security interest in the note, mortgage and real estate and the equity attached to the note, mortgage and real estate.

2.      It is undisputed by the Defendant Deutsche Bank National Trust Company that the Note and Mortgage is governed by State and Federal laws which include Idaho State Statutes Title 28 Commercial Transaction and Uniform Commercial Codes.

3.      It is undisputed by the Defendant Deutsche Bank National Trust Company that, in accordance with Uniform Commercial Code 28-8-501 of the Idaho Statutes, on February 6th, 2003, the Plaintiffs became the Entitlement Holders to the Promissory Note and Mortgage that they issued, executed and delivered to New Century Mortgage Corporation in the amount of Ninety-Six Thousand and no/100 Dollars (U.S. $96,000).

4.      It is undisputed by the Defendant Deutsche Bank National Trust Company that the Defendant, New Century Mortgage Corporation, received the Promissory Note in accordance with Uniform Commercial Code 28-8-501 of the Idaho Statutes thus becoming the

securities intermediary in accordance with Uniform Commercial Code 28-8-102(1)(n)(ii) of

the Idaho Statutes.

5.    It is undisputed by the Defendant Deutsche Bank National Trust Company that the

promissory note (also herein referred to as the note) is a financial asset in accordance with

Uniform Commercial Code 28-3, 28-8-102(1)(i) and 28-9-102(a)(65) of the Idaho Statutes.

6.    It is undisputed by the Defendant Deutsche Bank National Trust Company that the

said Promissory Note and the Plaintiffs' interest in the Promissory Note are secured by a Deed

of Trust on real property that was filed under instrument number 20303818 on February 14th,

2003 in the official records of Bannock County Idaho.

7.    It is undisputed by the Defendant Deutsche Bank National Trust Company that,

pursuant to Uniform Commercial Code 28-8-503 and 28-8-504 of the Idaho Statutes, the

Defendants are required to maintain the Promissory Note/financial asset in a quantity

corresponding to the aggregate of all security entitlements it has established in favor of

its entitlement holders with respect to that financial asset, and that all interests in that financial

asset held by the securities intermediary are held by the securities intermediary for the

entitlement holders, are not property of the securities intermediary, and are not subject to

claims of creditors of the securities intermediary.

8.    It is undisputed by the Defendant Deutsche Bank National Trust Company that,

pursuant to the Idaho Statutes 28-8-503, an entitlement holder's property interest with respect

to this financial asset may be enforced against a purchaser of the financial asset or interest

therein only if the securities intermediary violated its obligations under of the Idaho Statutes

28-8-504 by transferring the financial asset or interest therein to the purchaser and the purchaser is not protected under subsection (5) of the Idaho Statutes 28-8-503.

9.      It is undisputed by the Defendant Deutsche Bank National Trust Company that, pursuant to 28-8-511 of the Idaho Statutes, it states that if a securities intermediary does not have sufficient interests in a particular financial asset to satisfy both its obligations to entitlement holders who have security entitlements to that financial asset and its obligation to a creditor of the securities intermediary who has a security interest in that financial asset, the claims of entitlement holders, other than the creditor, have priority over the claim of the creditor.

10.      It is undisputed by the Defendant Deutsche Bank National Trust Company that, pursuant to Uniform Commercial Code 28-8-511 of the Idaho Statutes, the claims of said Defendants are subordinate, junior, and inferior to the interest of the Plaintiffs' because the Plaintiffs are the entitlement holders to the note, and pursuant to Uniform Commercial Code 28-8-511 of the Idaho Statutes, the interest of the entitlement holders is superior to any claims of creditors having an interest to the same note through the security intermediary.

11.      It is undisputed by the Defendant Deutsche Bank National Trust Company that a deed of trust has the same function as a mortgage and pursuant to the Idaho Statutes 28-9-102(a)(55), the mortgage's primary function is mainly to secures the note or obligation, and being that the note, as the financial asset that was issued by the Plaintiffs in accordance with the Idaho Statutes 28-8-501 to New Century Mortgage Corporation, and with the property as being the collateral pledged in the deed of trust, the deed of trust secures the Plaintiffs' claim of interest while the Defendants claim of interest to the property is subordinate, junior

-4-

and inferior to that of the Plaintiffs' interest to the property in accordance with Uniform

Commercial Code 28-8-511 of the Idaho Statutes.

12.    It is undisputed by the Defendant Deutsche Bank National Trust Company that the

assignment of the interest to the deed of trust does not transfer interest to the Note, but an

assignment of the interest to the note transfers the interest to the deed of trust being that the

deed of trust secures the note.

## STANDARD OF REVIEW

13.    A court may grant summary judgment when, based on the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, the moving party

has met its burden of proving the absence of any issue of material fact, which includes

overcoming all reasonable inferences in favor of the non-moving party.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully requests that this Court

grant this Motion for Partial Summary Judgment regarding Plaintiffs' interest in the Note and

Mortgage as being governed by Uniform Commercial Code 28-8-501 of the Idaho Statutes, and

that the Plaintiffs' Security Entitlement is secured by the subject real property, and for this court

to provide such other and further relief as this Court deems just and appropriate.

DATED _June 18, 2019_                    Respectfully submitted,

_Jerry Losee_
Jerry Losee

_JoCarol Losee_
JoCarol Losee

-5-

## CERTIFICATE OF SERVICE

We HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and/or facsimile on this __18__ day of June, 2019 to Deutsche Bank National Trust Company, 300 South Grand Ave 41st Floor, Los Angeles, CA 90071.

DATED _June 18, 2019_ .

Respectfully submitted,

Jerry Losee

JoCarol Losee

-6-