UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In Re:<br><br>Jerry Lee Lossee and JoCarol Lossee,<br><br>Debtors. | Bankruptcy Case<br>No. 19-40540-JMM |
|---|---|

MEMORANDUM OF DECISION

**Appearances:**

    Jerry Lee Lossee and JoCarol Lossee, Lava Hot Springs, Idaho, pro se Debtors.

    Brent R. Wilson, HAWLEY TROXELL ENNIS & HAWLEY LLP, Boise, Idaho, Attorney for servicer Ocwen Loan Servicing, LLC and its successor by merger, PHH Mortgage Corp., et al.

*Introduction*

Before the Court is chapter 13[1] debtors Jerry and JoCarol Lossee's ("Debtors") motion to reconsider. Dkt. No. 35. Following the filing of the motion, the Court requested briefing and set a briefing schedule for the parties. Dkt. No. 36. PHH Mortgage Corp., successor by merger to Ocwen Loan Servicing, LLC, filed its brief on August 23, 2019, Dkt. No. 37, and Debtors filed a reply brief on September 6, 2019, Dkt.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

MEMORANDUM OF DECISION — 1

No. 38.  The Court has considered the issues presented, and finds that oral argument will not aid the Court in reaching a resolution.  Accordingly, the Court will decide the merits upon consideration of the briefs filed.  Rule 9014; § 102(1)(B).

## *Facts*

In February 2003, Debtors purchased a home in Lava Hot Springs, Idaho (the "Property").  To facilitate the purchase, they signed a promissory note ("Note") in favor of New Century Mortgage Corporation, and executed a deed of trust ("DOT") to secure repayment of the Note.  Dkt. No. 13, Exs. A, B.  The DOT was recorded in Bannock County, Idaho.  *Id.* at Ex. B.  About two months after the Note and DOT were executed, the Note was transferred from New Century to Deutsche Bank National Trust Company via an assignment of the DOT.  Dkt. 13, Ex. C.

On December 7, 2012, Deutsche Bank executed a Limited Power of Attorney naming Ocwen Loan Servicing as the servicer ("Ocwen") and giving it specific powers, including the power to foreclose.  Dkt. No. 37 at Ex. A ¶ 8.  On November 12, 2013, a "Corrective Assignment of Deed of Trust" was executed and recorded with the express purpose of correcting the name of the beneficiary on the prior assignment.[2]  Dkt. No. 13 at Ex. D.  Finally, on June 1, 2019, Ocwen merged "with and into" PHH Mortgage

---

[2] The original assignment named "Deutsche Bank National Trust Company" as the beneficiary.  *Id.* at Ex. C.  The corrective assignment named "Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2003-NC5, Mortgage Pass-Through Certificates, Series 2003-NC5" as the beneficiary.  *Id.* at Ex. D.

MEMORANDUM OF DECISION — 2

Corporation ("PHH") (merged entity will be referred to as "Servicer").  Dkt. No. 37 at Ex. B.

Against that backdrop, in 2009, Debtors defaulted on the Note by failing to make required payments.  Ocwen initiated foreclosure proceedings that same year.  However, its attempts to foreclose were halted by the following:

- Debtors' first chapter 13 bankruptcy filing on July 14, 2010; Case No. 10-41246-JDP; voluntarily dismissed by Debtors on September 8, 2010.

- Debtors' filing of a state court complaint seeking a temporary restraining order on July 6, 2011 (one day prior to scheduled foreclosure sale); the TRO was granted, but the case was dismissed on the merits in December 2011.

- Debtors' second chapter 13 bankruptcy filing on January 12, 2012; Case No. 12-40033-JDP; voluntarily dismissed by Debtors on January 26, 2012.

- Debtors' third chapter 13 bankruptcy filing on December 26, 2012 (two days prior to scheduled foreclosure sale); Case No. 12-41726-JDP; voluntarily dismissed by Debtors on January 9, 2013.

- Debtors' requested a loss mitigation review in 2014; the only option available was a short sale which Debtors refused.

- Debtors' second state court complaint in 2015 alleging the DOT was improperly transferred to the beneficiary; Ocwen obtained summary judgment on November 22, 2017; action dismissed with prejudice.  Debtors appealed and sought stay of the judgment in both district and appellate court.  Both motions were denied; appeal is pending.

- Debtors' third state court complaint filed on April 24, 2019; Case No. CV-03-19-01566 alleging similar claims to those currently on appeal; also filed motion to stay foreclosure sale which was denied on June 5, 2019.

- Debtors' fourth chapter 13 bankruptcy filing — the instant case — filed on June 5, 2019 (the same day the foreclosure sale was scheduled).

MEMORANDUM OF DECISION — 3

In the case at bar, Ocwen[3] filed a motion for stay relief on June 7, 2019 ("Stay Relief Motion").  Dkt. No. 13.  Notably, the Stay Relief Motion was filed in part pursuant to § 362(d)(4), alleging that Debtors' repeated bankruptcy and other state court filings were part of a scheme to "delay, hinder, or defraud" Ocwen as servicer.  Debtors did not object to the Stay Relief Motion, and on July 1, 2019, the Court granted the motion, which included a determination that Debtors engaged in a scheme to delay, hinder or defraud Servicer, and the resulting stay relief would be binding in any subsequent bankruptcy case affecting the Property ("Stay Relief Order").  Dkt. No. 27.  The Stay Relief Order further provided that the automatic stay of § 362(a) will not apply in any subsequent bankruptcy case for a period of two years following entry of the Court's order pursuant to § 362(b)(20).  *Id.*

In the interim, on June 18, 2019, Debtors moved to voluntarily dismiss this bankruptcy case.  Dkt. No. 22.  Servicer initially filed a limited objection to the motion to dismiss, Dkt. No. 23, but later withdrew it, Dkt. No. 31.  Thereafter, the Court entered an order dismissing the case.  Dkt. No. 32.  Following dismissal of the case, Debtors filed the instant motion to reconsider the Stay Relief Order.  Dkt. No. 35.

---

[3] By this time, Ocwen and PHH had merged, although apparently Ocwen's counsel were unaware of this fact and filed the motion on behalf of Ocwen as the servicer.  Counsel for the servicer indicated they became aware of the merger after filing the motion but before submission of the proposed order.  As such, they explained that event on the proposed order granting stay relief, which the Court ultimately signed.  Notably, counsel for Ocwen and the successor corporation, Servicer, remained the same.

MEMORANDUM OF DECISION — 4

### *Analysis and Disposition*

Debtors base their motion to reconsider the Court's entry of the Stay Relief Order on two grounds.  First, Debtors allege that Ocwen had no right to file the Stay Relief Motion due to the fact that it had merged with PHH and thereby had no independent rights to pursue stay relief.  Second, Debtors allege that they were unable to respond because they "were out of reach for an extended period."

Initially, the Court will consider the procedural argument.  Servicer correctly notes that Debtors did not respond to the Stay Relief Motion in a timely fashion.  The motion clearly gave Debtors notice that, pursuant to Local Bankruptcy Rule 4001.2 and Rule 9006, they had to file any objection to the Stay Relief Motion no later than seventeen days after service of the motion.  Dkt. No. 13 at ¶ 36.  Debtors did not respond within the seventeen days.  They contend in their motion to reconsider that they were out of reach for an extended period, and were thus unable to file a response.  However, the Court finds this argument disingenuous, because they filed their motion to dismiss the case during this period — eleven days after the Stay Relief Motion was filed.  Dkt. No. 22. Moreover, on June 18, 2019, within the seventeen-day response window, Debtors filed a motion for partial summary judgment in the state court action.  Dkt. No. 35.  As such, it is evident that Debtors were available to respond to the Stay Relief Motion, but did not do so in a timely manner in accordance with Local Bankruptcy Rule 4001.2.  As a result, the Court entered the Stay Relief Order.

MEMORANDUM OF DECISION — 5

This brings the Court to the motion to reconsider entry of the Stay Relief Order. The Bankruptcy Code contains no provisions for motions to reconsider in general, and Debtors do not cite any particular Rule or Code provision as the basis for their motion. Generally, when a party wishes to have the Court reexamine a prior judgment or order entered, it may do so under Rule 9023 or 9024. The Court will consider each of these in turn. Rule 9023 provides:

> Except as provided in this rule and Rule 3008, Rule 59 F. R. Civ. P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

Debtors did not file the motion to reconsider within the fourteen-day window prescribed by Rule 9023, and enlargement of that time is not permitted. Rule 9006(b)(2) ("The court may not enlarge the time for taking action under Rules … 9023"). Here, the Court entered the Stay Relief Order on July 1, 2019, Dkt. No. 27, and Debtors did not file their motion to reconsider that order until July 31, 2019, Dkt. No. 35. As such, Debtors' motion is untimely under Rule 9023.

The Court will next consider Debtors' motion under Rule 9024, which incorporates Civil Rule 60, and provides, in relevant part:

> **(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate

MEMORANDUM OF DECISION — 6

> court and while it is pending, such a mistake may be corrected only with the appellate court's leave.
> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>> **(4)** the judgment is void;
>> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>> **(6)** any other reason that justifies relief.

(emphasis in original).

Because the Debtors do not cite either Rule 9024 or Civil Rule 60, the Court is unclear about which specific subsection of Civil Rule 60 they intend to invoke. However, they do not allege facts that suggest the Court's entry of the Stay Relief Order was due to a clerical mistake, oversight or omission, so the Court concludes that Civil Rule 60(a) provides no basis upon which the Court may award them relief.

Turning to Civil Rule 60(b), the Court will briefly consider each of the subsections of the Civil Rule.

1.  <u>Mistake, Inadvertence, Surprise or Excusable Neglect</u>

This subsection pertains to Debtors' behavior in not responding to the Stay Relief Motion. Rule 60(b)(1) allows relief from a judgment or order when the moving party

MEMORANDUM OF DECISION — 7

establishes "mistake, inadvertence, surprise or excusable neglect …." This Court has recently written on this subsection in the default judgment context, and stated:

> In deciding whether to grant relief under this provision, the court must examine three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant had a meritorious defense; or (3) whether reopening the default judgment would prejudice the plaintiff. *Franchise Holding*, 375 F.3d at 926; *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 388 (9th Cir. BAP 2004); *Hammer v. Drago (In re Hammer)*, 112 B.R. 341, 345 (9th Cir. BAP 1990), *aff'd*, 940 F.2d 524 (9th Cir. 1991). These factors are disjunctive, meaning that the bankruptcy court may properly deny the motion and refuse to grant relief if any one of the three factors are satisfied. *Franchise Holding*, 375 F.3d at 926. As the moving party, Defendant bears the burden of demonstrating these factors favor vacating the default judgment. *Knoebber*, 244 F.3d at 696; *Peralta*, 317 B.R. at 388. "The determination as to whether a default … shall be set aside rests in the sound discretion of the trial court." *Madsen v. Bumb*, 419 F.2d 4, 6 (9th Cir. 1969) (citations omitted).

*Hillen v. McNabb (In re McNabb)*, No. 18-00101-TLM, 2019 WL 1496159, at *1 (Bankr. D. Idaho Apr. 2, 2019).

In examining the instant motion to reconsider under these factors, the Court concludes first that Debtors' conduct indeed led to the entry of the Stay Relief Order, as they never responded to nor challenged the Stay Relief Motion in any way. Moreover, there is no way for the Court to know whether they had a meritorious defense, because even in the motion to reconsider, they do not argue the merits of the Stay Relief Motion and why the requirements of § 362 have not been met. Finally, it is certain that setting aside the Stay Relief Order would prejudice Servicer. It has been pursuing foreclosure against Debtors for over ten years, and this would present a further setback. Thus, Debtors did not meet their burden.

MEMORANDUM OF DECISION — 8

Turning to the question of excusable neglect, the United States Supreme Court established the applicable standard in *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ships*, 507 U.S. 380 (1993). This standard has been utilized by this Court since that time:

> In evaluating claims of excusable neglect, the Court applies the four-prong analysis announced in *Pioneer, supra,* and adopted in the Rule 60(b) context by *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381–82 (9th Cir. 1997). Under *Pioneer* and *Briones,* the Court is instructed to consider: the extent of prejudice to the debtor if relief is not granted; the length of the delay between entry of the order and the request that it be set aside, and the potential impact of granting such relief on the judicial proceedings; the reason for any such delay, including whether it was within the reasonable control of the movant; and whether the movant has acted in good faith.

*In re Becker*, 393 B.R. 233, 238 (Bankr. D. Idaho 2008) (internal citations omitted).

Considering the *Pioneer* factors, the Court first finds that Debtors will be prejudiced if the Stay Relief Order remains in place, as that order includes a finding that Debtors engaged in a scheme to hinder, delay, or defraud, and such finding is binding in any subsequent bankruptcy case involving the Property. It also precludes the automatic stay from arising in bankruptcy cases filed in the next two years. Thus, there is significant prejudice to Debtors as a result of the Stay Relief Order. The next factor likewise weighs in Debtors' favor, as the length of the delay between entry of the Stay Relief Order and the request for reconsideration was only a matter of a few weeks.

Next, the Court must consider the reason for any such delay, including whether it was within the reasonable control of the movant as well as whether the movant has acted in good faith. In their motion to reconsider, Debtors allege that they were "out of reach

MEMORANDUM OF DECISION — 9

for an extended period" and thus could not respond to the motion. However, as noted above, their actions in this case belie that claim as they filed their motion to voluntarily dismiss only eleven days after Ocwen filed its Stay Relief Motion, and also had the time and opportunity to file a motion for partial summary judgment in the state court case during the response period. This factor weighs in favor of Servicer.

Finally, the Court must consider whether the movant has acted in good faith. The Court finds this factor weighs in Servicer's favor, as the Court's prior finding that Debtors have engaged in a scheme to hinder, delay, or defraud Servicer strongly suggests the Debtors have not acted in good faith.

Taking all these factors together, the Court concludes, on balance, that Debtors have not demonstrated evidence sufficient to support a finding of excusable neglect that would support reconsideration of the Stay Relief Order under Civil Rule 60(b)(1).

2. Newly Discovered Evidence

Civil Rule 60(b)(2) provides that a party may seek relief from a judgment or order on the grounds of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." In order to establish that relief is appropriate on the basis of newly discovered evidence, the movant must demonstrate that: (1) the newly discovered evidence must have been discovered after judgment, and the movant must have been excusably ignorant of the facts at the time

of trial[4] despite due diligence to learn about the facts of the case; (2) the evidence discovered must be of a nature that would probably change the outcome of the case; and (3) the evidence must not be merely cumulative or impeaching. *In re Covino*, 241 B.R. 673, 679 (Bankr. D. Idaho 1999) (citing 12 *Moore's Federal Practice* ¶ 59.13[2][d][ii]-[vii] (3rd ed. 1998); *Jones v. Aero/Chem. Corp.,* 921 F.2d 875, 878 (9th Cir. 1990) (similar test)).

While Debtors do not specifically allege that newly discovered evidence is in play here, the Court will nevertheless consider it. The only evidence which could possibly be "newly discovered" in this case is the merger between Ocwen and PHH. This evidence was conveyed to Debtors by letter dated June 4, 2019, prior to Ocwen filing the Stay Relief Motion. Dkt. No. 35. Thus, Debtors were aware of the merger in time to file a response to the Stay Relief Motion if they felt it was relevant, and they did not do so. Additionally, the evidence is not merely cumulative or impeaching, and Debtors have not

---

[4] The same standard for what constitutes "newly discovered evidence" applies in Rule 60(b)(2) and Rule 59(e), although there is some suggestion that because a Rule 60(b)(2) motion may be heard at a later time than a Rule 59(e) motion, the quantum or proof should be stronger the longer the gap between the judgment and the motion under Rule 60(b)(2). 11 Charles Alan Wright & Arthur M. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2D § 2859 (1995) ("The same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2) ...."); 13 James Wm. Moore, et. al., Moore's Federal Practice § 60.42[1][a]-[b] (3d ed. 2005); *Jones v. Aero/Chem Corp.,* 921 F.2d 875, 878 (9th Cir. 1990); *Coastal Transfer Co.,* 833 F.2d at 211–12.

*In re Walker*, 332 B.R. 820, 829 (Bankr. D. Nev. 2005).

MEMORANDUM OF DECISION — 11

shown that the merger between Ocwen and PHH would "be of a nature that would probably change the outcome of the case." Indeed, it is unlikely that a name change of the loan servicer would materially affect the Debtors' substantive rights. Whether they are in default or not, and whether the servicer is entitled to stay relief to seek foreclosure or not, is not dependent on the name of the servicer. Hence, the fact that the servicer's name changed from Ocwen to PHH, although new information in the case, does not materially affect the motion.

While it could be that Debtors are suggesting that the merger affects Ocwen's standing to bring the Stay Relief Motion, the Court disagrees. As noted by Servicer in its brief, the merger entitled the surviving entity — PHH — to all rights, property, and liabilities of the merged corporation. Dkt. No. 37 at p. 13; Ex. B. As such, if Ocwen had the right to seek stay relief initially, then the surviving entity, PHH, had the same right. Therefore, the name change due to the merger does not affect Servicer's standing.

### 3. Fraud, misrepresentation, or misconduct by an opposing party

None has been alleged, nor does the Court find any evidence that Ocwen, PHH, or Servicer has engaged in any fraud, misrepresentation, or misconduct in this case.

### 4. Judgment is void

The record reflects no basis upon which to declare the Stay Relief Order void.

MEMORANDUM OF DECISION — 12

<u>5.  Judgment has been satisfied, released, or discharged</u>

Servicer has not yet acted on the Stay Relief Order, pending Debtors' motion to reconsider, and Debtors have not yet received a discharge, and thus this subsection does not provide a basis for relief under Civil Rule 60(b)(5).

<u>6.  Any other reason that justifies relief</u>

The Court will now consider the "catch-all" provision under Civil Rule 60(b)(6). This subsection permits the Court to grant relief from a prior order for "any other reason that justifies relief."  In interpreting this provision, the Ninth Circuit observed:

> We have stated in the past that Rule 60(b)(6) should be "liberally applied," [ ] "to accomplish justice."  At the same time, "[j]udgments are not often set aside under Rule 60(b)(6)."  Rather, Rule 60(b)(6) should be "'used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'"  Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with ... the action in a proper fashion."

*In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (internal citations omitted).

Nothing about the circumstances presented here is in any way extraordinary, save the length of time Ocwen/Servicer has been attempting to foreclose on Debtors' mortgage and their numerous attempts to forestall those efforts.  Moreover, Debtors have not demonstrated that any "manifest injustice" occurred nor that they were in any way injured by a simple merger between companies who service their debt.  Finally, Debtors have not shown that circumstances beyond their control prevented them from opposing

MEMORANDUM OF DECISION — 13

the Stay Relief Motion in a timely fashion. As such, Debtors may not obtain relief from the Court's entry of the Stay Relief Order under Civil Rule 60(b)(6).

### *Conclusion*

The Court concludes that Debtors have not shown a basis for reconsideration of the entry of the Stay Relief Order under any of the sections of Civil Rule 60. Accordingly, Debtors' motion to reconsider is denied and the Stay Relief Order remains in effect.

A separate order will be entered.

DATED: October 4, 2019

_____
JOSEPH M. MEIER
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION — 14